UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LOREN L. CASSELL, et al. | ) | |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | NO. 3:16-cv-02086 |
| | ) | CHIEF JUDGE CRENSHAW |
| VANDERBILT UNIVERSITY, et al. | ) | |
| Defendants | ) | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 42). Plaintiffs have filed a Response in Opposition (Doc. No. 49), and Defendants have filed a Reply (Doc. No. 51). The parties have also filed numerous Notices of Supplemental Authority (Doc. Nos. 50, 53, 54, 55, 60, 61, 63 and 64).

For the reasons in the accompanying Memorandum Opinion, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

Plaintiffs' claims for breach of the duty of loyalty (found in Count I) are **DISMISSED**. All of Plaintiffs' claims with regard to the initial commitment ("locking in") with TIAA-CREF (found in Counts I, II, III, IV and VI) are barred by the applicable statute of limitations. Plaintiffs' claims that having too many options was a breach of the fiduciary duty of prudence (found in Count V) is **DISMISSED**. Plaintiffs' claims for Failure to Monitor Fiduciaries (Count VII) is **DISMISSED**. Plaintiffs' claims regarding "prohibited transactions" (Counts II, IV and VI) are **DISMISSED**, except as they relate to the Plan's initial agreements with VALIC, Fidelity and Vanguard, if those agreements were made within the six-year statute of limitations.

The remaining claims are Count I, only as it relates to maintaining imprudent investments; Count III; Count V, except the claim for having too many options; and Counts IV and VI, solely as they relate to the Plan's initial agreements with VALIC, Fidelity and Vanguard.

IT IS SO ORDERED.

                                                                          
*[signature]*
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE